IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ROBERT L. REESE, Derivatively on Behalf of Nominal Defendant FIFTH THIRD BANCORP, | : : : : : : : : : : : : | Case No. 1:20-cv-886<br><br>Judge Matthew W. McFarland |
| Plaintiff, | | |
| v. | | |
| GREG D. CARMICHAEL, *et al.*, | | |
| Defendants. | | |

### ORDER ON PLAINTIFF'S MOTION TO SEAL VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT (Doc. 2)

On November 4, 2020, Plaintiff Robert L. Reese brought a shareholder derivative action, on behalf of nominal Defendant Fifth Third Bancorp, against Fifth Third's Board of Directors. (Doc. 1.) The case is now before the Court on Plaintiff's Motion to Seal the Verified Shareholder Derivative Complaint (Doc. 2), wherein Plaintiff requests that the Court to file his entire Complaint under seal.

### LAW

Federal courts have long recognized a strong presumption in favor of openness which can only be overcome by "the most compelling reasons." *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Brown &*

*Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (citing *Shane Group.*, 825 F.3d at 305). And typically, in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome this presumption. *Shane Group.*, 825 F.3d at 305.

## ANALYSIS

Plaintiff asserts that, prior to filing suit, he made a demand to inspect Fifth Third's books and records pursuant to Ohio Revised Code Section 1701.37(c). Fifth Third agreed to produce certain responsive documents subject to a confidentiality agreement negotiated between the parties. Fifth Third believes the books and records it produced contain non-public and confidential business, financial, proprietary, or commercially sensitive information of the Company. As such, Plaintiff argues that the Complaint should be filed under seal since "Fifth Third voluntarily produced the confidential information to plaintiff after negotiation of the confidentiality agreement and should not now be penalized for fulfilling its obligations under Ohio law in response to a shareholder inspection demand." (Doc. 2.)

Although Plaintiff has proffered a compelling interest in sealing information

2

obtained from Fifth Third's books and records, Plaintiff's proposal does not comport with Sixth Circuit law. *See Kondash*, 767 F. App'x at 637. Plaintiff requests that the Court file the entire 70-page Complaint under seal. Such a request is not narrowly tailored. *See id.* Accordingly, Plaintiff's Motion to Seal (Doc. 2) is **DENIED**.

However, Plaintiff may still seek leave to file a version of his Complaint with the portions containing confidential proprietary information redacted. Such redactions must comply with the requirements set forth by the Sixth Circuit. *See Shane Group*, 825 F.3d at 305; *Kondash*, 767 F. App'x at 637. If Plaintiff so chooses, he must submit a motion and supporting memorandum (not to exceed five pages), along with the proposed redacted version his Complaint, within fourteen days of this Order. The Complaint that is already filed (Doc. 1) shall remain sealed conditioned upon the Court granting a request by Plaintiff to file a redacted version of his Complaint under seal.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND