IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ROBERT L. REESE, Derivatively on Behalf of Nominal Defendant FIFTH THIRD BANCORP, | : : : : | Case No. 1:20-cv-886 |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : : | |
| v. | : : | |
| GREG D. CARMICHAEL, *et al.*, | : : | |
| Defendants. | : | |

**ORDER ON MOTION FOR A TEMPORARY STAY (Doc. 18)**

This matter is before the Court on Defendants' motion for a temporary stay (Doc. 18). Defendants request that this case be temporarily stayed until after the Court has resolved Defendants' pending motion to transfer (Doc. 16). Plaintiff filed a response in opposition (Doc. 20), to which Defendants' filed a reply (Doc. 23), making this matter ripe for the Court's review.

Federal courts have the inherent authority to stay proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Hill v. Mitchell*, 30 F.Supp.2d 997, 1000 (S.D. Ohio 1998) ("the Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). To determine whether a stay is appropriate, the court must

consider the following factors:  (1) the need for a stay, (2) the balance of potential hardship to the parties and public, and (3) the promotion of judicial economy.  *See Dowler v. Med. Shoppe*, 2007 WL 2907519, at *2 (S.D. Ohio Oct. 3, 2007).

Here, Defendants argue that a stay is appropriate because "four earlier-filed shareholder derivative suits identical to this one have been consolidated and are proceeding in the Northern District of Illinois."  (Doc. 18) (*see also In re Fifth Third Bancorp Derivative Litigation*, N.D. Ill. Case No. 1:20-cv-04115) ("Chicago Cases.") Defendants, hoping that this case will likewise be consolidated with the Chicago Cases, previously filed a motion to transfer venue to the Northern District of Illinois.  (Doc. 16.) As such, Defendants contend that it would be an inefficient use "of this Court's resources to set a schedule and consider Defendants' response to Plaintiff's Complaint [] before it decides to transfer to the Norther District of Illinois."  (Doc. 18.)

The Court agrees.  Defendants have clearly established their need for the stay, as well as the fact that granting a stay would promote judicial economy.  Furthermore, the Court fails to see how granting the proposed stay would cause any undue hardship for Plaintiff.  This case is still in its infancy:  Defendants have yet to respond to Plaintiff's Complaint, discovery has not started, and the Court has yet to even issue a calendar order.  Conversely, Defendants could face potential hardships if the Court denied the stay since they would thus be forced to litigate a case in a forum that the Court might subsequently deem is inappropriate.  Since all three factors weigh in Defendants' favor, the motion for a temporary stay (Doc. 18) is **GRANTED**.  Accordingly, this case is hereby **STAYED** pending resolution of Defendants' motion to transfer (Doc. 16).

**IT IS SO ORDERED.**

          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF OHIO

          By: _/s/ Matthew W. McFarland_
              JUDGE MATTHEW W. McFARLAND